IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| C&G BOAT WORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0102-WS-B |
| | ) |
| CHALIN O. PEREZ, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 2). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 13, 16-18), and the motion is ripe for consideration. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion to remand is due to be denied.[1]

The defendants removed this declaratory action on the grounds of diversity of citizenship. (Doc. 1). It is uncontroverted that the plaintiff is an Alabama citizen and the defendants all citizens of Louisiana. (Complaint, ¶¶ 1-2; Doc. 13 at 1 n.1). The complaint seeks no damages but only a declaration that the parties' agreement dated August 12, 2002 was lawfully terminated on August 12, 2003. (Complaint at 2). The issue is whether the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)(internal quotes omitted). "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction [or declaratory relief] were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000).

The plaintiff argues that all it seeks to obtain in this litigation is "peace of mind" and that

---

[1] The defendants' second motion to postpone ruling on the motion to remand pending action by the Judicial Panel on Multidistrict Litigation, (Doc. 17), is **denied** for the reasons set forth in the Court's order on the defendants' first such motion. (Doc. 12).

such a benefit is too speculative and immeasurable to satisfy the amount in controversy. (Doc. 2 at 4). The parties' contract, however, requires the plaintiff to pay the defendants 2% of the gross billings on all contracts signed by the plaintiff with five companies, including Rigdon Marine. (Complaint, Exhibit A). The defendants have introduced evidence that, after August 12, 2003 the plaintiff entered one or more contracts with Rigdon Marine for the construction of vessels estimated by the plaintiff to cost over $12 million. (Doc. 16, Perez Affidavit & Exhibit A). Thus, by prevailing in this lawsuit the plaintiff will save $240,000 or more it would otherwise have to pay the defendants pursuant to the August 2002 contract. The plaintiff offers no challenge to the substance of this evidence or its legal effect and presents no evidence of its own.[2] The defendants' evidence thus plainly establishes that the value of the litigation from the plaintiff's perspective is not speculative or immeasurable and that it satisfies the amount-in-controversy requirement.

      For the reasons set forth above, the plaintiff's motion to remand is **denied**.

      DONE and ORDERED this 1st day of May, 2006.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff does complain that the defendants' evidence was filed seven days after the deadline imposed by Judge Pittman for opposing the motion to remand. (Doc. 18). The defendants' motion for leave to file the evidence out of time, (Doc. 16), is **granted**, mooting the plaintiff's objection.